UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class CALEB G. KAYS
 United States Army, Appellant

 ARMY 20100792

 Headquarters, U.S. Army Military District of Washington
 Denise R. Lind, Military Judge
 Colonel Corey L. Bradley, Staff Judge Advocate

For Appellant: Captain Tiffany K. Dewell, JA; Captain John L. Schriver,
JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 24 August 2011

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------
Per Curiam:

 A military judge, sitting as a general court-martial, convicted
appellant, pursuant to his pleas, of absence without leave (AWOL), wrongful
use of marijuana, and wrongful possession of marijuana, in violation of
Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 86,
912a (2008) [hereinafter UCMJ]. Appellant was also convicted, pursuant to
his pleas, of two additional charges; one alleging conspiracy to unlawfully
transport a vehicle in interstate commerce, in violation of Article 81,
UCMJ, and the other alleging commission of the underlying offense itself,
in violation of Article 134, UCMJ. Appellant was sentenced to a bad-
conduct discharge, confinement for eleven months, and reduction to the
grade of E-1. The convening authority approved the adjudged sentence and
credited appellant with 154 days of confinement credit against the approved
sentence to confinement.

 Although not raised by appellate defense counsel, we find the military
judge abused her discretion by accepting appellant’s pleas of guilty to the
additional charges described above. We will grant relief in our decretal
paragraph.

 LAW AND DISCUSSION

 We review a military judge’s decision to accept a plea of guilty “for
an abuse of discretion and questions of law arising from the guilty plea de
novo.” United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008). A
guilty plea will be set aside on appeal only if an appellant can show a
substantial basis in law or fact to question the plea. Id. (citing United
States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991)). The Court applies this
“substantial basis” test by determining whether the record raises a
substantial question about the factual basis of appellant’s guilty plea or
the law underpinning the plea. Id. See Article 45, UCMJ; Rule for Courts-
Martial 910(e).

 The providence inquiry revealed that in April 2010, appellant wanted
to go AWOL from his unit in Washington, D.C. to return to his home in
Texas. Unbeknownst to appellant, another soldier in his unit, Private
(PVT) B, also wanted to go AWOL. PVT M, who knew both soldiers, put PVT B
in touch with appellant. PVT B asked appellant to go AWOL with him and
told appellant that he had permission to use another soldier’s vehicle “for
the purpose of going AWOL, as long as he returned it.” Appellant agreed,
and they departed for Texas. When they reached Alabama, PVT B said that he
wanted to switch the license plates on the vehicle. It was at this point
that appellant “knew that [PVT B] was never going to return the vehicle.”

 Based on the foregoing, the military judge accepted appellant’s pleas
of guilty, not only to the AWOL charge, but also to the additional charges
of conspiracy to unlawfully transport a vehicle in interstate commerce and
commission of the underlying, unlawful transportation offense itself. The
elements of unlawful transportation are: (1) the accused wrongfully
transported a vehicle in interstate commerce; (2) the vehicle was stolen;
(3) the accused knew that it had been stolen; and (4) under the
circumstances, it was prejudicial to good order and discipline or service
discrediting. Dep’t of Army, Pam. 27-9, Legal Services: Military Judges’
Benchbook [hereinafter Benchbook], para. 3-60-3 (1 January 2010) (emphasis
added).[1] After reviewing the record, we conclude that there is a
substantial basis to question appellant’s plea of guilty to the additional
charges involving this novel crime.

 At the beginning of appellant’s cross-country AWOL, he could not have
conspired with PVT B to unlawfully transport a vehicle. To commit the
offense of conspiracy, an accused must, inter alia, enter into an agreement
with one or more persons to commit an offense. Article 81, UCMJ; MCM, Part
IV, para. 5.b. See United States v. Harman, 68 M.J. 325, 327 (C.A.A.F.
2010). According to his testimony during the providence inquiry, appellant
did not know the vehicle was stolen when he agreed to go AWOL with PVT B.
Therefore, he could not have agreed to transport a stolen vehicle.
Furthermore, aside from riding in the vehicle, appellant never admitted
during the providence inquiry to committing any substantive conduct after
he realized PVT B did not intend to return the vehicle. The military judge
never asked appellant if he agreed with PVT B to unlawfully transport the
vehicle. Although, a conspiracy “need not be in any particular form” and
can be established by circumstantial evidence, United States v. Mack, 65
M.J. 108, 114 (C.A.A.F. 2007) (citing MCM, Part IV, para. 5.c.(2)), there
is simply insufficient evidence from which it can be inferred that
appellant agreed to do anything other than go AWOL with PVT B.
Consequently, there is a substantial basis in fact to question appellant’s
plea of guilty to conspiracy.

 For similar reasons, we also conclude that there is a substantial
basis in fact to question appellant’s plea of guilty to the unlawful
transportation offense itself. As discussed above, appellant did not know
the vehicle was stolen until well after he and PVT B went AWOL.
Additionally, there is insufficient evidence that appellant ever drove the
vehicle, thereby “transporting” it. Finally, for the same reasons the
alleged conspiracy is factually unsupported, a theory of accomplice
liability also cannot be sustained — there is insufficient evidence that
appellant shared PVT B’s “criminal purpose of design” such that he became
an aider and abettor.[2] MCM, Part IV, para. 1.b.(2)(b). See Article 77,
UCMJ.

 CONCLUSION

 The findings of guilty to the Specifications of Additional Charges I
and II, and to Additional Charges I and II, are set aside and dismissed.
The remaining findings of guilty are affirmed. Reassessing the sentence on
the basis of the error noted, the entire record, and applying the
principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986), and United
States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006), to include the factors
identified by Judge Baker in his concurring opinion in Moffeit, we affirm
only so much of the sentence as provides for a bad-conduct discharge,
confinement for six months, and reduction to the grade of E-1. We are
convinced that such a sentence is at least that which would have been
imposed by a court-martial for the remaining findings of guilt. All
rights, privileges, and property, of which appellant was deprived by virtue
of that portion of his sentence being set aside by this decision, are
hereby ordered restored.

 FOR THE COURT:

 MALCOLM H. SQUIRES JR.
 Clerk of Court
-----------------------
[1] Although the President did not list unlawful transportation in the
Manual for Courts-Martial, United States (2008 ed.) [hereinafter MCM], Part
IV, paras. 61–113, as an example of conduct which is prejudicial to good
order and discipline or service discrediting, the Benchbook includes a
description of this offense, which the military judge used during the
providence inquiry.
[2] While the Stipulation of Fact states the appellant, at some point,
received sole possession and control of the vehicle, the appellant
contested that fact during the providence inquiry. The Stipulation of Fact
also stated that the appellant paid for the vehicle’s gas and a hotel bill,
but failed to establish if these events happened before or after appellant
“knew” PVT B did not intend to return the vehicle.